[No. 6948.    Decided June 22, 1908.]

JACOB KIEHLHOEFER, *Respondent*, v. WASHINGTON WATER POWER COMPANY, *Appellant*.[1]

NEW TRIAL—GROUNDS—TRIAL—MISCONDUCT OF COUNSEL. A new trial is properly granted for permitting, over objection, adverse comment to the jury by counsel on the fact that the plaintiff in a personal injury case had refused to consent to the examination of his physician as to facts learned in a professional capacity.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered June 17, 1907, granting to plaintiff a new trial, after the verdict of a jury in his favor for one dollar, in an action for personal injuries. Affirmed.

*H. M. Stephens*, for appellant.
*Robertson & Rosenhaupt*, for respondent.

PER CURIAM.—The respondent sued the appellant for personal injuries received while riding upon a street car owned and operated by the appellant. The jury returned a verdict in his favor for one dollar, and, being dissatisfied therewith, he moved for a new trial on various grounds, among which was the ground that counsel for appellant had been permitted, over his objection, to comment adversely to the jury on the fact that he had refused to consent to the examination of one of his attending physicians as to facts learned by the physician while the physician was attending on him in a professional capacity. The court granted a new trial solely on the latter ground, overruling the motion as to all others. This appeal is from the order granting the new trial.

The new trial was properly granted. The statute which forbids a physician to testify without the consent of his patient concerning facts which he acquires while attending the patient in a professional capacity is founded upon prin-

[1]Reported in 96 Pac. 220.

ciples of sound public policy, and a like policy requires that the enforcement of the rule on the part of the patient be not taken as a circumstance adverse to the patient. There are cases which maintain a contrary doctrine, but we think they are not in accord with the reason of the statute, nor with the spirit of our own decisions. See, *Noelle v. Hoquiam Lumber & Shingle Co.*, 47 Wash. 519, 92 Pac. 372; *State v. Smokalem*, 37 Wash. 91, 79 Pac. 603.

The order granting a new trial is affirmed.